FILED

**NOT FOR PUBLICATION**

JAN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAL-AGREX, INC., | No. 09-15998 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-00964-SC |
| v. | |
| DEE VAN TASSELL and JERRY GOODWIN, | MEMORANDUM [*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted November 3, 2010
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and ENGLAND, District
Judge.[**]

Dee Van Tassell and Jerry Goodwin ("Appellants") seek to overturn the jury

verdict reached against them in connection with an agreement to sell bulk

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

powdered milk to Cal-Agrex, Inc. ("Cal-Agrex"). We have jurisdiction under 28 U.S.C. § 1291. In addition to challenging the viability of Cal-Agrex's contractual claims by asserting that no breach could have occurred because a condition precedent to performance under the contract was never satisfied, Appellants also claim that the district court erred in declining to instruct the jury on their proffered "unclean hands" defense. Appellant Goodwin further contends that substantial evidence did not support the jury verdict in Cal-Agrex's favor on his counterclaims for conversion and unjust enrichment. Finally, Appellants assert that the district court's decision to deny remittitur following the jury verdict constituted clear error.

Judgment following a jury trial "must be affirmed if there is substantial evidence to support the verdict." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)). As the Supreme Court has noted, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A]lthough the court should review the record as a whole, it must disregard evidence favorable to the moving party that the jury is not required to believe, and may not substitute its view of the evidence for that of the jury." *Johnson v.*

*Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001) (internal quotations omitted).

We review the district court's denial of Appellants' renewed motion for judgment as a matter of law *de novo*, and apply the same deferential standard as the district court; namely, whether the evidence, viewed in the light most favorable to Cal-Agrex, supports only one reasonable conclusion– a conclusion that the jury's verdict was wrong. *See  Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Similarly, the denial of a motion for new trial under Federal Rule of Civil Procedure 59(a) is reviewed for a clear abuse of discretion, and the district court's decision should only be disturbed "where there is an absolute absence of evidence to support the jury's verdict." *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir. 1998) (quoting *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656-57 (8th Cir. 1995)).

Appellants' primary argument on appeal is that, as a matter of law, they could not have breached the December 2004 contract with Cal-Agrex because the contract contained a condition that $2,000,000.00 had to be wired to Van Tassell's account by December 2004.  Because only a total of $1,500,000.00 was paid, Appellants argue that any delivery obligation on their part for powdered milk was

excused. They maintain that the verdict in Cal-Agrex's favor must consequently be overturned. We disagree.

Cal-Agrex produced substantial evidence at trial that Appellants either waived the condition that the entire $2,000,000.00 deposit be paid, or agreed to a modification of the contract in that regard. Cal-Agrex's president, Rod Gallegos, testified at trial to that effect, and Appellants themselves conceded that they continued to treat the contract as ongoing after the December 24, 2004 deadline passed, and in fact continued to do so for approximately another year and a half, until mid-2006. Although some conflicting evidence to the contrary was introduced, any resolution as to what occurred required an assessment of whether Gallegos' word was entitled to more credence than the version of events offered by Appellants. That credibility determination was correctly made by the jury.

Appellants fare no better in arguing that the district court improperly refused to instruct the jury on their "unclean hands" defense. First, the district judge did not err in making a determination himself as to the viability of that defense. "The application or rejection of the clean hands doctrine in a given case is equitable in nature and within the discretion of the trial court." *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 478 (9th Cir. 1969). Nor was there any error in the district court's substantive decision as to the availability of the doctrine. As

the district court pointed out, no powdered milk was ever shipped under the contract in question, and actions unrelated to the contract could not serve as a factual predicate for application of the unclean hands defense. Moreover, there was evidence that Appellants knew that Cal-Agrex intended to export the powdered milk for human consumption, and the district court found Appellants' claimed lack of knowledge in that regard not credible. Particular deference should be accorded to the district court's credibility assessments. *See Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995) (per curiam).

Although Appellant Goodwin also points to Cal-Agrex's alleged conversion of 28 truckloads of dried milk as supporting application of an unclean hands defense, there was ample evidence to buttress the district court's finding that those 28 loads were taken as replacement for another delivery that Goodwin was supposed to provide under a different contract between the parties. Because Goodwin's counterclaims against Cal-Agrex for conversion and unjust enrichment also hinge on whether taking the 28 loads was wrongful, those claims similarly fail.

Finally, although Appellants contend that Cal-Agrex's damage award should have been reduced by way of remittitur, the district court's decision in that regard is subject to reversal only upon a showing of "clear abuse of discretion." *See Los*

5

*Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1477 (9th Cir. 1993).

Appellants' contentions in support of a reduction of damages were premised on the assumption that the jury's breach of contract verdict was unfounded. Because the breach of contract verdict should stand, Appellants' argument for remittitur fails.

**AFFIRMED.**